[This opinion has been published in *Ohio Official Reports* at 73 Ohio St.3d 353.]

THE STATE EX REL. HART, APPELLANT, *v*. BEVERAGE TRANSPORTATION;

INDUSTRIAL COMMISSION OF OHIO, APPELLEE.

[Cite as *State ex rel. Hart v. Beverage Transp*., 1995-Ohio-116.]

*Administrative law—Workers' compensation—Permitting staff hearing officers to hear application for permanent total disability on remand from the court of appeals does not violate the court's directive that the Industrial Commission reconsider the issue.*

(No. 94-165—Submitted May 23, 1995—Decided August 23, 1995.)

APPEAL from the Court of Appeals for Franklin County, No. 92AP-1416.

———————————

{¶ 1} Appellant-claimant, David L. Hart, was injured while in the course of and arising from his employment with Beverage Transportation. In 1988, he unsuccessfully moved appellee, Industrial Commission of Ohio, for permanent total disability compensation. A complaint in mandamus to the Court of Appeals for Franklin County generated a determination that the commission order did not satisfy *State ex rel. Noll v. Indus. Comm*.(1991), 57 Ohio St.3d 203, 567 N.E.2d 245. The cause was returned to the commission for further consideration and amended order.

{¶ 2} Claimant's application was reheard by two staff hearing officersF who, according to the order, were acting as commission deputies pursuant to former R.C. 4121.03. They denied permanent total disability, writing:

"The claimant is 62, has an 8th grade education and has worked as a truck mechanic, truck driver, sheet metal laborer and janitor. Dr. Greer indicates the allowed psychiatric condition would not prohibit the claimant from returning to work. Dr. Brown indicates the claimant would have restrictions only on jobs that would require the continuous use of the right arm. Dr. Dillahunt indicates that

claimant is capable of light physical work. Ms. Elia indicates the claimant's previous work as a truck mechanic/trucker was skilled. She does not discuss his other jobs or what type of transferable skills they may have had. Although he has only an 8th grade education, claimant was able to work in a skilled position in the past. Considering his prior work experience, and the fact [that] part of that was skilled, the fact he is still capable of light work with restrictions only on continuous use of the right arm and the fact he is 62 years old, and it is found he is not permanently and totally disabled.

"Ms. Elia appears to indicate [that] the claimant has no transferable skills because he is physically unable to push or pull arm controls or do work involving coordinating the eyes, hands and fingers to use tools, etc. However, Dr. Brown does not give such restrictions. He only restricts the claimant from continuous use of the right arm. Therefore, Ms. Elia's report is not found to be persuasive."

{¶ 3} Claimant, citing former R.C. 4121.35(C), appealed the denial to the commission. Claimant's appeal was construed as a request for reconsideration and denied.

{¶ 4} Claimant then filed a second complaint in mandamus in the Court of Appeals for Franklin County, alleging, *inter alia*, that the commission abused its discretion in failing to hold a formal hearing before the commission itself, as apposed to the staff hearing officers, on his application for permanent total disability benefits. The appellate court denied the writ.

{¶ 5} This cause is now before the court upon an appeal as of right.

_____

*John R. Workman*, for appellant.

*Betty D. Montgomery*, Attorney General, and *Gerald H. Waterman*, Assistant Attorney General, for appellee.

_____

***Per Curiam.***

**{¶ 6}** At issue is the following commission policy:

"All permanent total disability cases remanded from court to the Commission where a limited or alternative writ of mandamus is granted directing the Industrial Commission to vacate its prior order and proceed to issue a new order in compliance with *Noll* * * * will be set for hearing before Staff Hearing Officers who will sit as Deputies of the Industrial Commission under [former] Section 4121.03 of the Ohio Revised Code.

"At the conclusion of the hearing, no oral decision will be announced from the bench. Instead, if the Deputies' recommended order is consistent with the prior decision of the Commission on permanent and total disability compensation, an order that meets *Noll* will be forwarded to the Industrial Commission members for approval and confirmation.

"On the other hand, in the case where the Deputies of the Commission believe the merits of a case call for a decision opposite from that originally issued by the members of the Industrial Commission, an order would issue only notifying the parties that 'after consideration of the issue, the matter will be scheduled for hearing before the members of the Industrial Commission.' In such an instance, there would be no decision rendered on the merits of the case by the Deputies. The Staff Hearing Officers sitting as Deputies would be responsible for preparing a statement of facts for a hearing that will be scheduled before the members of the Industrial Commission."

**{¶ 7}** Claimant decries the lack of a formal hearing before the commission itself. Claimant's remanded permanent total disability application, however, was given a formal oral hearing. Two staff hearing officers, acting on behalf of the commission, entertained the matter on February 27, 1992, and drafted a detailed order that the commission, upon review, adopted it as its own.

**{¶ 8}** Claimant asserts that by permitting staff hearing officers to hear his application for permanent total disability on remand, the commission violated the appellate court's directive that the commission reconsider the issue. We disagree.

**{¶ 9}** Contrary to claimant's representation, effective commission consideration does not require the commission literally to hear the matter. It is only necessary that "the decision-maker must, in *some meaningful manner,* consider evidence obtained at hearing." (Emphasis *sic.) State ex rel. Ormet Corp. v. Indus. Comm.* (1990), 54 Ohio St.3d 102, 107, 561 N.E.2d 920, 925. *Ormet* discussed, extensively and approvingly, the use of subordinates in the administrative process. Quoting *Morgan v. United States* (1936), 298 U.S. 468, 481-482, 56 S.Ct. 906, 912, 80 L.Ed. 1288, 1295, we noted:

"'This necessary rule does not preclude practicable administrative procedure in obtaining the aid of assistants in the department. Assistants may prosecute inquiries. Evidence may be taken by an examiner. Evidence thus taken may be sifted and analyzed by competent subordinates. Argument may be oral or written. The requirements are not technical. But there must be a hearing *in a substantial sense*. And to give the substance of [a] hearing, which is for the purpose of making determinations upon evidence, the officer who makes the determinations *must consider and appraise the evidence* which justifies them. * * *' (Emphasis added.) * * *" *Ormet,* 54 Ohio St.3d at 104, 561 N.E.2d at 923.

**{¶ 10}** *Ormet* also recited a passage from Davis' Administrative Law (1958) 44-45, Section 11.03, in which the author observed:

"'According to the opinion in the leading [f]irst Morgan case, the requirement is not that deciding officers must personally read the record but it is that they must personally "consider and appraise" the evidence. The Court declared: "Evidence may be taken by an examiner. Evidence thus taken may be sifted and analyzed by competent subordinates." Since the only purpose of sifting and analyzing of evidence by subordinates is to save the time of the deciding

officers, this necessarily means that deciding officers may "consider and appraise" the evidence by reading a summary or analysis prepared by subordinates. The Supreme Court thus did not require in the [f]irst Morgan case that deciding officers must read all the evidence or even that they must directly read any of it. The requirement has to do with personal understanding of the evidence, not with the mechanics by which the understanding is developed. In common practice, deciding officers develop their understanding of evidence not only through reports of subordinates but especially through summaries and explanations [in] briefs and oral arguments of parties.'" *Ormet,* 54 Ohio St.3d at 105-106, 561 N.E.2d at 924.

{¶ 11} In this case, there is no evidence that the commission did not thoroughly and independently review the staff hearing officers' findings and/or the relevant evidence before ratification. Accordingly, we find that the claimant's application was given proper commission consideration.

{¶ 12} Claimant, citing former R.C. 4121.35(C), attempted to appeal the permanent total disability denial on remand to the commission. The commission treated the appeal as a motion for reconsideration and denied claimant's request. Claimant contends that he had an absolute right of appeal, complete with oral hearing, and that the commission, in refusing to do so, abused its discretion. We again disagree.

{¶ 13} Former R.C. 4121.35 provided:

"(A) The industrial commission may appoint staff hearing officers to consider and decide on behalf of the commission all matters over which the commission has jurisdiction.

"* * *

"(B) Staff hearing officers of the commission may hear and decide the following matters:

"(1) Applications for permanent, total disability awards * * *[.]

"* * *

"(C) * * * Any person adversely affected by a decision of a staff hearing officer on a matter of original jurisdiction under divisions (B)(1) to (4) of this section may of right appeal that decision directly to the industrial commission." 143 Ohio Laws, Part II, 3197, 3290.

{¶ 14} Claimant correctly describes the absolute right of appeal that attaches to orders generated by former R.C. 4121.35 proceedings. The commission, however, did not rely on R.C. 4121.35 to authorize staff hearing officer adjudication of *Noll* remands. As stated in its policy memorandum, promulgation of the adjudicatory practice was pursuant to former R.C. 4121.03. Former R.C. 4121.03 stated:

"* * * Any investigation, inquiry, or hearing which the commission is authorized to hold or undertake may be held or undertaken by or before * * * one of the deputies of the commission except as otherwise provided * * *, and every order made by * * * a deputy, when approved and confirmed by a majority of the [commission] members, and so shown on its record of proceedings, is the order of the commission." 143 Ohio Laws, Part II, 3197, 3266.

"Deputy" referred to "any person employed by the industrial commission or the bureau of workers' compensation, designated as a deputy by the commission or the administrator of workers' compensation, who possesses special, technical, scientific, managerial, professional, or personal abilities or qualities in matters within the jurisdiction of the commission or the bureau, and who may be engaged in the performance of duties under the direction of the commission or the bureau calling for the exercise of such abilities or qualities." Former R.C. 4121.01(F) (143 Ohio Laws, Part II, 3197, 3263).

{¶ 15} The Staff hearing officers could properly be incorporated into the permanent total disability adjudicatory scheme by either former R.C. 4121.35 or 4121.03, and the commission was free to formulate its policy under either. It chose former R.C. 4121.03, which does not provide an automatic appeal.

**{¶ 16}** A claimant dissatisfied with a permanent total disability decision arising under R.C. 4121.03 is not without administrative recourse. Reconsideration is available. Unlike an R.C. 4121.35 appeal, however, reconsideration is discretionary, not automatic. Bases for reconsideration include: (1) newly discovered evidence that is not merely corroborative of earlier evidence; (2) mistake of law; (3) obvious mistake of fact; and (4) the existence of an "unusual legal, medical, or factual problem." (Industrial Commission Resolution R92-1-3.)

**{¶ 17}** The present claimant's "appeal" (request for reconsideration) of his permanent total disability denial satisfied none of these criteria. Claimant was simply displeased with the outcome. The Industrial Commission did not, therefore, abuse its discretion in denying reconsideration, and claimant had no right to further hearing.

**{¶ 18}** Accordingly, the judgment of the court of appeals is affirmed.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, WRIGHT, RESNICK, F.E. SWEENEY, PFEIFER AND COOK, JJ., CONCUR.

————————————